IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ODIS JONES, JR., <br> #1384596, <br>     PETITIONER, <br><br> v. <br><br> DIRECTOR, TDCJ-CID, <br>     RESPONDENT.[1] | § § § § § § § § § CIVIL CASE NO. 3:21-CV-1936-N-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Odis Jones' pro se *Petition Writ of Habeas Corpus Out of Time Appeals, Texas Code Criminal Procedures Art. 44.2* was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review, the petition should be construed as seeking relief under 28 U.S.C. § 2254 and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

I.  BACKGROUND

In 2006, Jones was convicted of sexual assault of a child and sentenced to 40 years' imprisonment. *See State v. Jones*, No. 2-06-84 (382nd Jud. Dist. Ct., Rockwall Cty., Tex., 2006), *aff'd*, 05-06-01252-CR, 2007 WL 1618320 (Tex. App.--Dallas, June 6, 2007, no pet.). He

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner. Because Petitioner challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him. The TDCJ-CID Director is therefore substituted as respondent in this case. Petitioner may object to this substitution within 14 days after being served with a copy of this recommendation. 28 U.S.C. 636(b)(1); FED. R. CIV. P. 72(b).

unsuccessfully challenged his conviction in state and federal habeas proceedings. *Jones v. Quarterman*, No. 3:08-CV-647-P, Civ. Doc. 18, Civ. Doc. 20 (N.D. Tex. Nov. 17, 2008) (denying federal habeas relief), *certificate of appealability denied*, No. 08-11155 (5th Cir. 2009). Jones also filed a successive federal habeas petition, which was transferred to the appellate court, *Jones v. Davis*, No. 3:18-CV-0112-L-BK (N.D. Tex. May 29, 2018), which denied leave to file a successive application and warned Jones that filing repetitious or frivolous motions for authorization could result in the imposition of sanctions. *In re Jones*, No. 18-10643 (5th Cir. July 26, 2018); *see also In re Jones*, No. 13-10996 (5th Cir. Jan. 13, 2014) (denying first application for leave to file successive petition).

By the instant action, Jones again seeks to challenge his underlying conviction, raising new grounds for relief. Doc. 3 at 1. Specifically, he claims that African Americans were systematically excluded from his jury and that he was harmed as a result. Doc. 3 at 1. Jones also asserts that appellate counsel failed to inform him of the availability of this claim. Doc. 3 at 2.

Considering Jones' pro se status, the Court liberally construes his petition to seek relief under 28 U.S.C. § 2254. However, he has again failed to seek authorization to file a successive application challenging his convictions. Thus, his petition should be dismissed.

**II.   ANALYSIS**

28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. In general, to raise a new claim, the petitioner must show that the successive application is based on: (1) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the

offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Jones must obtain such an order before he can file a successive application challenging his conviction. Because this is Jones' third successive § 2254, and in light of the warning of sanctions issued by the appellate court, dismissal without prejudice for want of jurisdiction—as opposed to transfer—is appropriate. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam) (addressing transferred application); *Crone*, 324 F.3d at 838 (remanding successive application with instructions to dismiss).

### III.    RECOMMENDATION

For the foregoing reasons, the petition in this case should be construed as seeking relief under 28 U.S.C. § 2254 and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on September 20, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).